UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

         -against-

ISAAC BRIGGS III,

                Defendant.

23-CR-644-01 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Before the Court is a request by Defendant Isaac Briggs III to appoint Lydia Lizarribar as CJA counsel for Mr. Briggs. ECF No. 77. For the reasons stated below, the Court denies this request. In light of this Order, the Government need not respond to the motion.

      On January 10, 2025, Mr. Briggs, represented by the Federal Defenders, pled guilty to one count of wire fraud. One month later, Mr. Briggs's attorney who represents him and his company in related civil cases (Elaine Platt of the Jones Law Firm) filed a notice of appearance in this proceeding and subsequently moved to vacate Mr. Briggs's guilty plea. ECF No. 40. There are two conflict issues that arose as a result of Ms. Platt's representation of Mr. Briggs in both this action and his civil suits. First, Ms. Platt was involved in drafting an affidavit Mr. Briggs signed in one civil case. Mr. Briggs is alleged to have made statements in that affidavit in furtherance of the scheme charged in this case. Second, in light of her contingency fee arrangement with Mr. Briggs in a second, related civil case, Ms. Platt has a personal, financial interest in the result of this criminal case.

      In light of these conflicts, the Government requested that the Court hold a *Curcio* hearing. In advance of that hearing, the Court appointed CJA counsel to confer with Mr. Briggs in advance. The Court also asked the Government to submit a letter describing why it believed

Ms. Platt's conflicts here are waivable. The Government did so, stating that it does not have information to conclude that Ms. Platt "is implicated in the very crime for which [her] client is on trial." ECF No. 64 at 1.

On June 26, 2025, the Court began the *Curcio* hearing. At the hearing, Mr. Briggs' conflict counsel raised the issue that Ms. Platt is not competent to handle representing Mr. Briggs in this case, even if Mr. Briggs were to waive the conflicts here. Ms. Platt has no experience representing clients in criminal cases and therefore, in order to competently represent Mr. Briggs, needs the direction and expertise of experienced criminal defense counsel. Ms. Platt has likewise appropriately acknowledged that she is not competent to handle this matter on her own. *See* ECF No. 77 at 1. As such, Ms. Platt has requested that the Court appoint Lydia Lizarribar as CJA counsel in this matter. Although Ms. Lizarribar is on the CJA panel in the District of Puerto Rico and has substantial experience handling criminal cases, she is not on the panel in the Southern District of New York, has not represented a client in a criminal case in this District, and is indeed not admitted to practice here at all. *Id.*

The Court must deny the request to appoint Ms. Lizarribar. The appointment procedures in the Southern District of New York generally require the Court to appoint CJA counsel from the district's CJA panel. There is a narrow exception to this rule. A judge can appoint a member of the bar who is not a member of this panel only where "there is good cause shown which renders it in the interests of justice that counsel who is not . . . a member of the CJA Panel be assigned." *See* REVISED PLAN FOR FURNISHING REPRESENTATION PURSUANT TO THE CRIMINAL JUSTICE ACT, at 8 (May 31, 2023) ("SDNY CJA Plan"). A special appointment under this provision also requires Chief Judge approval.

The Court has not sought or obtained Chief Judge approval for this request because good cause has not and cannot be shown to support Ms. Platt's request. Indeed, there are good reasons *not* to appoint Ms. Lizarribar to represent Mr. Briggs as CJA counsel. These reasons include that there are obvious geographic complications with her appointment, there is no indication that she has any specialized expertise applicable to this case that is not otherwise available by panel members, she has no stated longstanding relationship with Mr. Briggs, and she is not admitted to practice in this District, among other reasons. Furthermore, this District has a panel full of highly qualified expert criminal defense attorneys available to ably and competently represent Mr. Briggs. In light of Mr. Briggs' indigent status and his need for competent counsel, the Court will appoint Mr. Briggs counsel from the Court's CJA panel at the next conference scheduled for July 8, 2025.

At that conference, the Court will consider whether it would be appropriate for current CJA counsel to continue their representation of Mr. Briggs or whether it would be more appropriate to appoint another attorney from the CJA panel. Counsel should be prepared to discuss their views. Additionally, all counsel should be prepared to discuss whether Ms. Platt's conflict is indeed waivable.

The Court further advises that it will no longer hear the issue of Mr. Briggs' motion to vacate his plea or Ms. Platt's requests with respect to modifying the Protective Order at the next conference. Instead, the Court will wait until the issue of counsel has been resolved and new counsel has an opportunity to discuss and advise Mr. Briggs with respect to both of these requests.

Lastly, the Court encourages CJA conflict counsel to, in the meantime, continue advising Mr. Briggs with respect to the conflict issues here and be available to answer any and all

questions he might have about the consequences of Ms. Platt and the Jones Law Firm continuing to represent him in this action.

Dated: June 27, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge